Argued May 4, affirmed May 20, 1953

KELLER ET AL. *v.* GIBSON PACKING COMPANY

257 P. 2d 621

*Charles R. Cater,* of La Grande, argued the cause and filed a brief for appellants.

*S. H. Burleigh* argued the cause for respondent. On the brief were Dixon, Burleigh & Swindley, of La Grande.

Before LATOURETTE, Chief Justice, and WARNER, LUSK, BRAND and TOOZE, Justices.

TOOZE, J.

This is a suit for an injunction brought by Carl Keller and 111 others, as plaintiffs, against Gibson Packing Company, a Washington corporation dba American Products Company, as defendant, to restrain the defendant from maintaining and operating an animal and offal rendering plant near the city limits of the city of La Grande in Union county, Oregon. The trial court entered a decree permanently enjoining defendant from operating such plant from June 15 to September 30 of each year "and from conducting and operating the business of a rendering plant and any act incident thereto upon said premises at any time so as to be or become a nuisance to the plaintiffs or any of them or their successors in interest."

The plaintiffs have appealed from that decree, contending in this court that the trial court erred "in failing to enjoin the defendants [sic] permanently and absolutely from the operation of a rendering plant in its present location." The plaintiffs also maintain that the trial court erred in failing to decree costs in their favor. The defendant did not cross appeal.

The record discloses that in 1949 defendant purchased from Eldridge Packing Co. a tract of land located northwest of and just outside the city limits of the city of La Grande and erected thereon a rendering plant to handle dead animals and offal from packing plants and other sources.

The plant was located more or less between two meat packing operations, being a short distance southwest of the Eldridge Packing Co. and a short distance east of the Valley Sausage Company. Within comparatively short distances from the three operations just mentioned, there are located the stockyards of the Union Pacific Railroad Company and the stables of a riding

club. Also, up the canyon northwest from defendant's plant is located the "city dump" of the city of La Grande.

Both Eldridge Packing Co. and Valley Sausage Company slaughter animals at their respective places of business, the offal being handled by defendant in its plant.

Before the erection of defendant's plant, the proposed location thereof was inspected and approved by the Department of Agriculture of the state of Oregon, pursuant to the provisions of ch 331, Oregon Laws 1941. The plant was erected at a cost in excess of $50,000. It was equipped with all modern machinery and apparatus so as to reduce to a minimum foul odors arising from its operations. Before commencing operations, defendant procured from the Department of Agriculture a license therefor, according to the provisions of § 2, ch 331, Oregon Laws 1941, which are:

"Before any person shall engage in the business of disposing of the bodies, carcasses or parts of animals by rendering, burning, burying, or any other means, such person shall procure from the department a license so to do. All such licenses shall expire on the thirtieth day of June next succeeding their date of issuance."

Subdivisions 3 and 4 of § 5 of the 1941 act provide certain fixed regulations governing the operation of such plant so "as not to cause unnecessary annoyance or create a nuisance", and to the end "that no public annoyance or nuisance shall be caused by the unsightly appearance or stench of such bodies, carcasses or parts of animals."

The 1941 act provides for inspection of such plants by the Department of Agriculture and for revocation

of license for a failure of the licensee to comply with the terms of the law. It also makes violation of the regulations governing operations a misdemeanor, and further clothes the circuit court with jurisdiction to restrain any violation or threatened violation of the statute at the suit of the Department of Agriculture, making it the duty of the district attorney to represent the Department in any such proceeding.

■ It is important to note that the 1941 law contains ample and complete provisions for the control of defendant's plant, and it vests in the Department of Agriculture not only the power but also the duty to prevent any and all operations that may result in creating a nuisance. This is a continuing duty.

Upon the trial of this case, 35 witnesses were called to testify for plaintiffs, many of them being plaintiffs. Defendant called 34 witnesses. Much of the testimony was merely cumulative. The record of this testimony consists of 461 typewritten pages. In addition to the testimony offered in open court, the court itself, in company with the respective attorneys for the parties and during the course of the trial, made a personal inspection of the premises involved.

There was a decided conflict in the testimony. Most of the plaintiffs owned residence properties within the city limits of the city of La Grande which were located in a general southeasterly direction from defendant's plant, some of the homes being located nearer to the plant than others. A few of the plaintiffs lived outside the city limits. The evidence reveals that frequently, particularly on summer evenings, a breeze blows in a southeasterly direction from the canyon located northwest from plaintiffs' properties, by the plant of defendant and toward plaintiffs' holdings.

This breeze carries with it foul and noxious odors which definitely affect the enjoyment of the use of their properties by some of the plaintiffs. It is reasonable to conclude from the evidence that the greater portion of this foul stench emanated from defendant's operations. The evidence also discloses that during the summer months, defendant's operations produce an exceptionally large number of blow flies and that they have become a nuisance in that vicinity. However, the evidence justifies a conclusion that the principal difficulty arises during the summer months and that very little, if any, difficulty is experienced at other times of the year.

We have carefully read all the testimony in the record. We do not believe it is necessary to review the evidence in this opinion. As before observed, there is a decided conflict in it. In such circumstances, the findings of the trial judge are entitled to great weight in this court, particularly when the court has viewed the premises. *Becker v. Tillamook Bay Lbr. Co. et al.,* 194 Or 134, 137, 240 P2d 237.

Upon conclusion of the trial, the trial judge wrote and entered of record a memorandum opinion as follows:

"The Court has carefully considered all of the evidence and made a personal inspection of the defendant's plant and expected to make a further inspection on a day when a breeze was blowing, but defendant's plant has been closed since the time of the trial and the Court has been unable to do so.

"However, the evidence shows that there is an offensive odor coming from the plant during the time when the plant is in operation during the summer months which is very offensive to a great number of inhabitants of the City of La Grande

due a great deal to the wind currents operating down the canyon and through the property of the defendant which is located beyond the city limits of La Grande, but carrying the odor generally to a distance of about five blocks from the plant. While there are other odors and similar odors which emanate from the area where the defendant's plant is located, they are not of sufficient strength to cause discomfort and deny to the individuals residing near that area the free and unfettered use of their property.

"The Court is, therefore, of the opinion that the defendant should be enjoined and restrained from operating the said plant from the 15th day of June to the last day of September in each year hereafter, or until such time as the cooking operation of the plant can be done without discharging offensive odors over this area.

"Neither party shall recover costs."

■ There is substantial evidence in the record to support the trial court's conclusions. We are of the opinion that those conclusions and the decree based thereon should not be disturbed.

■ It will be noted that the decree restrains all operations at all times that may "be or become a nuisance to the plaintiffs". If defendant's operations between September 30 and June 15 should at any time be or become a nuisance, that would constitute a violation of the provisions of the decree, for which a contempt proceeding would lie. Furthermore, resort may be had at any time to the provisions of the 1941 statute to prevent a nuisance. It is presumed that the Department of Agriculture will perform its duty.

■ Plaintiffs also contend that the trial court abused its discretion in refusing to allow costs to them. The allowance or disallowance of costs in an equity pro-

ceeding rests largely within the discretion of the court. In the absence of a showing of a clear abuse of discretion, this court will not disturb a finding by the trial court as to costs. We do not know the reasons which led the trial judge to deny costs, but presumably they were good and substantial reasons. We find no occasion to modify the trial court's decree in that respect.

The decree is affirmed. Neither party to recover costs.